1    **BRYAN CAVE LEIGHTON PAISNER LLP**
     Helen C. Goodman, California Bar No. 324725
2    Three Embarcadero Center, 7th Floor
     San Francisco, CA  94111-4070
3    Telephone:     (415) 675-3400
     Facsimile:     (415) 675-3434
4    E-Mail:    helen.goodman@bclplaw.com

5    Attorneys for Defendant
     CITIBANK, N.A.
6

7

8                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9

10   In re Aurora V. Barcebal Revocable          Case No.
     Trust, Dated May 24, 2010
11                                                [San Francisco County Superior Court Case
     ROBERT MILLS, ESQ., as attorney             No. PTR-22-305656]
12   for GEORGINA G. BANAAG,
                                                  **NOTICE OF REMOVAL OF**
13                    Plaintiff,                  **DEFENDANT CITIBANK, N.A.**

14         vs.                                    [Filed concurrently with Civil Cover Sheet,
                                                  Corporate Disclosure Statement, and
15   CITIBANK, N.A.; CITIBANK CLIENT             Declaration of Helen C. Goodman]
     SERVICES; CITIGOLD CLIENT
16   SERVICES; CITIGOLD SERVICES,

17
                      Defendants.
18

19

20

21

22

23

24

25

26

27

28

USA.606130248.5/HCZ

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant CITIBANK, N.A. ("Citibank")[1], removes this action described below from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California.  As grounds for removal, Citibank states as follows:

## I.   BACKGROUND

1.   Plaintiff Robert Mills, Esq. ("Mills" or "Plaintiff"), acting as legal representative and fiduciary on behalf of Georgina G. Banaag ("Ms. Banaag"), filed a petition on September 9, 2022, in the Superior Court of California, County of San Francisco, Case No. PTR-22-305656 (the "State Court Petition").  The State Court Petition names "Citibank, N.A.," "Citibank Client Services," "Citigold Client Services," and "Citigold Services" as defendants.  *See* footnote 1, *supra*.

2.   Plaintiff's State Court Petition asserts four causes of action based upon allegations regarding Citibank's handling of a Citibank bank account, Citigold Account xxxxxxx2957 (the "Bank Account"), for the Aurora V. Barcebal Revocable Trust (the "Trust") after the Settlor, Trustee, and bank account opener, Aurora V. Barcebal ("Ms. Barcebal"), passed away on January 23, 2015 (Pet. ¶¶ 12–14, 57–59).  Plaintiff alleges that Ms. Barcebal opened the Bank Account at a Citibank branch in San Francisco, California. (Pet. at ¶ 14).  Plaintiff alleges that Ms. Banaag is an "interested person" and "a niece and heir" to Ms. Barcebal, and that she is acting on behalf of Ms. Barcebal's two sisters, Leonida B. Garcia and Zenaida B. Taccad (collectively "Ms. Barcebal's Sisters"), who Plaintiff alleges are also Ms. Barcebal's "heirs."  (Pet. at ¶¶ 5, 18, 41). He does not claim that Ms. Banaag, or either of Ms. Barcebal's Sisters, are beneficiaries under the Trust. *See* Pet., generally.  He claims that Ms. Barcebal herself was the trustee to the Trust. (Pet.

---

[1] Plaintiff lists "Citibank, N.A.," "Citibank Client Services," "Citigold Client Services," and "Citigold Services" in his Petition's case caption and Paragraph 11.  Of these purported defendants, only Citibank, N.A. is a legal entity; the rest are business units.  Thus, Citibank, N.A. responds on its own behalf and does not deem any other Citi entity to be a defendant in this matter.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7ᵀᴴ FLOOR
SAN FRANCISCO, CA  94111-4070

1    at ¶ 14).  Plaintiff alleges that Citibank failed to "return" the balance of the Bank Account to Ms.

2    Banaag and Ms. Barcebal's Sisters upon the death of Ms. Barcebal (Pet. ¶ 61); intentionally

3    misrepresented whether Citibank had documents or information relating to the Trust (Pet. ¶¶ 64–

4    65); negligently misrepresented whether Citibank had documents or information relating to the

5    Trust (Pet. ¶¶ 73–79); and intentionally concealed and prevented the discovery of certain facts

6    about the Trust and the Bank Account known only to Citibank (Pet. ¶¶ 81–84).  Plaintiff alleges

7    causes of action for (1) bad faith taking, concealment, and disposal of trust property, (2) intentional

8    misrepresentation, (3) negligent misrepresentation, and (4) concealment (Pet. ¶¶ 60–86).  Plaintiff

9    thus seeks as relief (1) an order directing the person having title to or possession of the funds in

10    the Bank Account to transfer all of said funds to Plaintiff, (2) an order finding Citibank has in bad

11    faith wrongfully taken, concealed, and/or disposed of the funds in the Bank Account, (3) damages

12    for Citibank's intentional and negligent misrepresentation and concealment, (4) attorney's fees and

13    costs, (5) compensatory damages, (6) exemplary damages, and (7) such damages the Court deems

14    proper.  (Pet. at Prayer for Relief).

15         3.      Although Citibank disputes that it has any liability to Plaintiff, Ms. Banaag, or Ms.

16    Barcebal's Sisters, the allegations contained in the State Court Petition assist in establishing the

17    propriety of removal.

18         4.      Citibank was served with a copy of the State Court Petition on November 14, 2022.

19         5.      Citibank has not responded to the State Court Petition.

20         6.      The State Court Petition and Notice of Hearing collectively attached as **Exhibit A**

21    to this Notice.  Citibank is informed and believes that Exhibit A constitutes all pleadings, process,

22    and orders in this action at the time of removal.

23    **II.**     <u>**BASIS FOR REMOVAL**</u>

24         7.      "[A]ny civil action brought in a State Court of which the district courts of the United

25    States have original jurisdiction, may be removed by the defendant or the defendants, to the district

26    court of the United States for the district and division embracing the place where such action is

27    pending."  28 U.S.C. § 1441(a).

28

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

8.      Federal jurisdiction of this action is proper on the basis of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b).

**A.  Diversity Jurisdiction under 28 U.S.C. § 1332**

9.      This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, the action may be removed to this Court under 28 U.S.C. § 1441(a).

**i.  Complete Diversity Exists Between Plaintiff and Citibank**

10.     There is complete diversity of citizenship between Plaintiff and Citibank in accordance with 28 U.S.C. § 1332(a)(1).

11.     Plaintiff Mills resides in California, and resided in California at the time the State Court Petition was filed.[2]  *See* Declaration of Helen Goodman ("Goodman Decl.") at ¶ 3.  Thus, Plaintiff Mills is domiciled in California and is a citizen of California for diversity purposes.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] natural person's state citizenship" is "determined by her state of domicile," and "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

12.     While she is not listed as a Plaintiff or Petitioner to the action, in an abundance of caution, Citibank includes Ms. Banaag's citizenship for the purposes dispelling any doubt that there is complete diversity of parties.  On information and belief, Ms. Banaag resides in the Philippines, and resided in the Philippines at the time the State Court Petition was filed.  Goodman Decl. at ¶ 4; *see also* Verification to Plaintiff's Petition (executed by Ms. Banaag on August 31, 2022 in Mandaluyong City, Manila, Philippines).  Thus, Ms. Banaag is domiciled in the

_____

[2]      Only Mr. Mills is listed as Petitioner; Ms. Banaag is not the Petitioner in this action.  However, Mr. Mills alleges that he is an "interested person" by virtue of being the "fiduciary" or legal representative of an alleged "interested person" (Ms. Banaag) under Sections 39 and 48 of the California Probate Code. (Pet. at ¶¶ 4-5).  Citibank does not concede that Mr. Mills or Ms. Banaag are appropriate plaintiffs or petitioners in this case, nor does it concede that they are "interested persons" for the purposes of the California Probate Code.  It further does not concede that this action falls within the Probate Code or involves probate or administration of an estate.  But out of an abundance of caution, Citibank here lists the citizenship of both Mr. Mills and Ms. Banaag for the Court's benefit in establishing complete diversity for removal purposes.

Philippines and is a citizen of the Philippines for diversity purposes.  *See* 28 U.S.C. § 1332(a)(2); *see also Martinez-Madera v. Holder*, 559 F.3d 937, 940 (9th Cir. 2009) ("There are 'two sources of citizenship, and two only:  birth and naturalization.'" (quoting *Miller v. Albright*, 532 U.S. 420, 423 (1998)); *Scales v. I.N.S.*, 232 F.3d 1159, 1163 (9th Cir. 2000) ("Evidence of foreign birth . . . gives rise to a rebuttable presumption of alienage . . . .").  On information and belief, Ms. Banaag does not currently reside in the United States including, specifically, South Dakota.  Goodman Decl. at ¶ 4.

13.    Citibank is a federally chartered National Banking Association, organized and existing under and by virtue of the laws of the United States.  Citibank's main office, as set forth in its articles of association, and its principal place of business, is located in Sioux Falls, South Dakota.  *See* Goodman Decl. at ¶ 2.  For purposes of diversity jurisdiction, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306–07 (2006); *see also Lowdermilk v. U.S. Bank N.A.*, 479 F.3d 994, 997 (9th Cir. 2007) ("Defendant [U.S. Bank] is a citizen of Ohio because its main office is located there."  (citing *Schmidt*, 546 U.S. at 305-07)).  Thus, for the purposes of diversity jurisdiction, Citibank is a citizen of South Dakota.

14.    Accordingly, there is complete diversity of citizenship between the parties.

**ii.  Amount In Controversy Exceeds $75,000**

15.    Additionally, the amount in controversy exceeds $75,000.

16.    In determining the amount in controversy, a court may consider special and general compensatory damages, punitive damages, and attorney fees. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).  Statutory damages and civil penalties are also counted toward the amount in controversy.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (statutory damages and civil penalties should be considered when calculating the amount in controversy for diversity jurisdiction); *see also Saulic v. Symantec Corp.*, No. SACV 07-610 AHSPLAX, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").  For purposes of measuring the amount in controversy, "a court must

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (alterations in original) (citations omitted)).

17.     Here, Plaintiff seeks possession of the entirety of funds allegedly located in the Bank Account, which last had a balance of $302,831.00 on October 31, 2021.  *See* Pet. ¶¶ 14–15.  In addition, Plaintiff's demand includes but is not limited to: damages for Citibank's alleged intentional and negligent misrepresentation and concealment; compensatory damages; exemplary damages; and attorney's fees and costs.  Thus, it is clear from the face of the State Court Petition that the amount in controversy exceeds $75,000.

## III.     PROCEDURAL COMPLIANCE

18.     The notice of removal must be filed within 30 days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.  28 U.S.C. § 1446(b)(1); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011).  The 30-day period begins to run when the defendant is formally served with the summons and complaint.  *Castro v. JPMorgan Chase Bank*, Case No. 14-CV-1802-WQH-RBB, 2014 WL 5390058, at *3 (S.D. Cal. Oct. 21, 2014).  Citibank was served with a copy of the State Court Petition on November 14, 2022.  Therefore this Notice of Removal is filed within 30 days of service upon Citibank.

19.     The State Court Petition was pending before the Superior Court of California for the County of San Francisco.  Because this Court is the United States District Court for the district embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

20.     Pursuant to 28 U.S.C. § 1446(a), a copy of the state court file, including the State Court Petition, is attached as **Exhibit A**; Citibank is informed and believes that this constitutes all pleadings, process, and orders in this action at the time of removal.

21.     A copy of this Notice of Removal is being served on all parties of record and will be filed promptly with the Clerk of the Superior Court of San Francisco County pursuant to 28 U.S.C. § 1446(d).

22.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

23.     Plaintiff did not demand a jury trial in the State Court Petition.

24.     By removing, Citibank does not concede or make any admission relating to the merit and/or value of Plaintiff's allegations, claims, or damages.  Citibank denies the material allegations contained in the State Court Petition, generally and specifically.

**A.   Removal to This Court is Proper**

25.     This action was originally filed in the Superior Court of San Francisco County under California Probate Code §§ 850.  Pet. ¶¶ 1–2.  Plaintiff's State Court Petition exclusively raises common law causes of action[3] and thus is a removable "civil action" under 28 U.S.C. § 1441(a).  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."); *In re Kendricks*, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. Aug. 19, 2008) ("State court actions are removable if they have 'the same essentials as original suits permissible in District Courts; . . . they can be readily assimilated to suits at common law or equity, and . . . must be diverse citizenship of the parties and the requisite pecuniary amount involved.'"  (quoting *Comm'rs of Rd. Improvement Dist. No 2 v. St. Louis Sw. Ry.*, 257 U.S. 547, 557–58 (1922))).

26.     Removal of an action from a state probate court to a federal district court is proper, except in very limited circumstances, none of which are applicable here.  *See Marshall v. Marshall*, 547 U.S. 293 (2006).  The United States Supreme Court, in reversing the Ninth Circuit's decision in *In re Marshall*, 392 F.3d 1111 (9th Cir. 2004), made clear that the federal probate exception, which bars removal to a federal district court, "reserves to state probate courts the probate or

---

[3]     While framed as a Probate § 850 claim, Plaintiff's first cause of action is in actuality a claim regarding the handling of the Bank Account.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavouring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311–12. "Causes of action 'merely related' to probate matters are not within the probate exception." *In re Kendricks*, 572 F. Supp. 2d at 1198 (quoting *Campi v. Chirco Trust UDT*, 223 F. App'x 584, 585 (9th Cir. 2007)) (holding the federal probate exception inapplicable because the "§ 850 petition dispute[d] the validity of a contract with Defendant and s[ought] delivery of royalties in Defendant's possession."); *see also Campi*, 223 F. App'x at 585 ("The instant case [involving claims for fraud, undue influence, and breach of fiduciary duty] does not concern the probate or annulment of a testamentary instrument."); *Cunningham v. World Sav. Bank, FSB*, No. 3:07-cv-08033 JWS, 2007 WL 4181838, at *4 (D. Ariz. Nov. 21, 2007) ("[P]laintiff's claims for negligence and breach of contract fall far outside the bounds of the probate exception . . . ."). *But see Pollak v. Vanguard Group*, No. 8:16-cv-836-JLS-JCGx, 2016 WL 4467874, at *1–3 (C.D. Cal. Aug. 22, 2016) (invoking the federal probate exception where the administrator of an estate admitted a testator's will for probate in state probate court and the court issued a turnover order requiring the defendant to turn over decedent's accounts).

27.     Here, Plaintiff has not filed an action in a state probate court seeking to probate or annul a will or administer a decedent's estate. *See* Pet. ¶ 7. Plaintiff agrees with this contention in their State Court Petition, stating: "Aurora's sole property in the U.S. are the Trust assets which would not be included as an estate asset under the California Probate Code and thus a probate case would be moot." Pet. ¶ 49. Instead, Plaintiff asserts numerous common law causes of action against Citibank to retrieve the funds from the Bank Account. Pet. ¶¶ 60–86.

28.     Furthermore, Plaintiff has not attached a copy of, or even included allegations relating to the contents of, the Trust Agreement. *See* Pet., generally. He does not allege who the Trust Agreement lists as beneficiaries or who the current trustees are, if any. *Id. See also* (Pet. at ¶ 14) (noting Ms. Barcebal was the trustee of the Trust).

29.     Additionally, there is no Trust property currently in the custody of a state probate court. Property is outside the custody of a state probate court if "the federal court's 'final judgment does not undertake to interfere with the state court's possession save to the extent that the state

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1   court is bound by the judgment to recognize the right adjudicated by the federal court.'"  *In re*

2   *Kendricks*, 572 F. Supp. 2d at 1198 (quoting *Marshall*, 547 U.S. at 310).  Plaintiff admits in the

3   State Court Petition that a probate case including the Trust assets would be moot, Pet. ¶ 49, and

4   he fails to identify the person or entity having title to or possession of the Trust assets including

5   the funds in the Bank Account.  Pet. ¶¶ 54–59.  Thus, there is no property whatsoever in the custody

6   of a probate court, and the federal probate exception is inapplicable in this action.

7   **IV.**   **CONCLUSION**

8        30.   Citibank respectfully requests that the above-described State Court Petition be

9   removed from the state court in which it was filed to the United States District Court in and for the

10  Northern District of California, and request further that this Honorable Court issue all necessary

11  orders and process and grant such other and further relief as in law and justice that Citibank may

12  be entitled to receive.

13

14

15  Dated:   December 9, 2022       **BRYAN CAVE LLP**
                                    Helen C. Goodman
16

17                              By: /s/

18                                    Helen C. Goodman
                                    Attorney for Defendant CITIBANK, N.A.
19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7ᵀᴴ FLOOR
SAN FRANCISCO, CA 94111-4070